## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### Austin Division

RO & JO, INC.

      Plaintiff,

vs.

SUSHI HARU, INC.
&
YOON SANG YOO,

      Defendants

Case No. 1:16-cv-1236

**JURY TRIAL DEMANDED**

## VERIFIED COMPLAINT

      This is an action by Ro & Jo, Inc. ("Ro & Jo") to recover damages arising from and to enjoin violations of Ro & Jo's intellectual property rights by Sushi Haru, Inc. and Yoon Sang Yoo (collectively, "Defendants"). Defendants have willfully infringed Ro & Jo's trademark, violated the Lanham Act, falsely designated the origin of their products and services, diluted Ro & Jo's famous mark, have engaged in unfair competition, and have damaged Ro & Jo's goodwill and business reputation. Ro & Jo seeks damages, an accounting, the imposition of a constructive trust upon Defendants' illegal profits, and injunctive relief.

## THE PARTIES

1.      Ro & Jo, Inc. ("Ro & Jo"), plaintiff, is a Texas corporation with its principal place of business in Fort Worth, Texas. Ro & Jo owns and operates restaurants in Fort Worth and Carrollton, Texas.

2.      Sushi Haru, Inc. ("Sushi Haru"), defendant, is a Texas corporation with its principal place of business in Austin, Travis County, Texas, and is engaged in the business of

1

operating restaurant(s) in Austin, TX. Sushi Haru may be served through its President, Yoon Sang Yoo, at 15101 Calaveras Dr, Austin, TX 78717 or 2525 W Anderson Ln, Austin, TX 78757.

3.      Yoon Sang Yoo, defendant, is an individual who resides in Austin, Texas and may be served with process at 15101 Calaveras Dr, Austin, TX 78717, 2525 W Anderson Ln, Austin, TX 78757, or wherever else he may be found.

## JURISDICTION

4.      This Court has subject matter jurisdiction over Ro & Jo's claims for trademark infringement and related claims pursuant to 15 U.S.C. § 1121, 28 U.S.C. § 1331 and § 1338(a).

5.      This Court has supplemental jurisdiction over Ro & Jo's claims arising under the laws of the State of Texas pursuant to 28 U.S.C. § 1367(a) because these claims are so related to Ro & Jo's claims under federal law that they form part of the same case or controversy and derive from a common nucleus of operative facts.

## VENUE

6.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and § 1400(a) because (a) the acts of infringement and other wrongful conduct alleged occurred in the Western District of Texas; (b) the Defendants may be found in the Western District of Texas; and (c) Defendants have a sufficient connection with the Western District of Texas to make venue proper in this district, all as alleged in this Complaint.

## FACTS COMMON TO ALL CLAIMS

### The Nature of Ro & Jo's Operations and Products

7.      Ro & Jo owns and operates Japanese restaurants under the name Hanabi Ramen & Izakaya ("Hanabi"). These restaurants sell various food items including ramen, seafood, nabe, and sukiyaki, among other things dishes. Hanabi is a family owned and operated business that takes pride in the quality of its food and the fun and welcoming atmosphere it offers its customers.

8.      Ro & Jo's opened its first restaurant in Fort Worth in April 2010. Its restaurant in Carrollton, Texas was opened in 2016. Ro & Jo has plans to expand its operations throughout the State of Texas and other, surrounding states and is actively looking for locations where new Hanabi restaurants may be opened.

9       Ro & Jo restricts the use of its marks by other restaurants. Ro & Jo have demanded that Defendants cease and desist from their infringing and unlawful conduct, but Defendants persist in this misconduct. Use of "Hanabi" mark by Defendants will likely result in harm to Ro & Jo's reputation and good will.

### Ro & Jo's Trademark

10.     Ro & Jo is the owner of U.S. Trademark Registration No.4,149,444 for the word mark HANABI®, which registration issued on May 29, 2012. A copy of this registration is attached as **Exhibit** 1.

11.     Ro & Jo's trademark registration for HANABI® is for goods in international class IC 043 for use in connection with "Restaurant."

12.     Pursuant to Section 33(b) of the Lanham Act, registration of the HANABI® mark is conclusive evidence of the validity of the registered mark and of the registrant's right to

3

use the registered mark in commerce in connection with the goods or services specified in the registration. The HANABI® mark has become a famous mark indicating quality Japanese food and service.

## Value and Distinctiveness of Ro & Jo's Mark

13.     Ro & Jo's mark is fanciful, and therefore inherently distinctive, when used by Ro & Jo.

14.     Ro & Jo has expended, and continues to expend, substantial sums to promote the sales of its products and services under its mark.

15.     As a result of the unique and distinctive nature of Ro & Jo's mark and the extensive sales, promotion, and use of Ro & Jo's mark by Ro & Jo, HANABI® has become widely associated with Ro & Jo's restaurants, food, and services in the minds of the consuming and general public. HANABI® is indicative to consumers that restaurants bearing Ro & Jo's mark originate from, or are sponsored or approved by, Ro & Jo, and constitute genuine and authentic Ro & Jo products and services.

## Defendants' Infringement

16.     Defendants are engaged in advertising, marketing, and operating restaurants in Austin, Texas, bearing Ro & Jo's registered mark or imitations thereof.

17.     Presently, Defendants have two restaurants in Austin, Texas infringing on Ro & Jo's HANABI® mark – "HANABI RAMEN & BISTRO" located at 2525 W Anderson Ln, Bldg 3, Ste 120, Austin, TX 78575 and "HANABI SUSHI" located at 9503 Research Blvd, Ste 500, Austin, TX 78759. Defendants' use of HANABI® has caused confusion among consumers, who believe the Defendants' restaurant services originate with or are sponsored or approved by or otherwise affiliated with Ro & Jo.

4

18.    When Ro & Jo became aware of the foregoing infringing activity, Ro & Jo contacted the Defendants and demanded that they cease and desist. Defendants have ignored this demand.

19.    The Defendants also have maintained an Internet and social media presence using the HANABI® mark. This has led to further consumer confusion, when consumers seeking information and reviews regarding plaintiff's restaurant have instead encountered information and reviews of the defendants' business.

20.    Ro & Jo has received multiple phone calls and email inquiries from individuals who mistakenly believe that HANABI® is associated with the Defendants. Ro & Jo has been and continues to be damaged as a result of actual consumer confusion in the marketplace.

21.    Defendants have committed and are continuing to commit acts of trademark infringement against Ro & Jo. Defendants' acts are willful and committed with prior notice of Ro & Jo's registered mark.

<u>First Claim</u>

**Federal Trademark Infringement-15 U.S.C. § 1114**

22.    Ro & Jo realleges, and incorporates by this reference, each and every allegation set forth in paragraphs 1 through 21, inclusive.

23.    Defendants' activities constitute infringement of Ro & Jo's federally registered trademark in violation of the Lanham Trademark Act, including but not limited to 15 U.S.C. § 1114(a).

24.    The Defendants' wrongful use of the HANABI® mark has actually caused and is likely to continue causing damage to Ro & Jo.

25.    As a proximate result of the defendants' actions, Ro & Jo has suffered and will continue to suffer great damage to its business, goodwill, reputation, profits and the strength of its mark. The injury to Ro & Jo is and continues to be ongoing and irreparable. An award of monetary damages alone cannot fully compensate Ro & Jo for its injuries and Ro & Jo lacks an adequate remedy at law.

26.    The foregoing acts of infringement have been and continue to be deliberate, willful and wanton, making this an exceptional case within the meaning of 15 U.S.C. § 1117(a). Ro & Jo  is entitled to a permanent injunction against the Defendants, as well as all other remedies available under the Lanham Act, including, but not limited to, compensatory damages; treble damages; disgorgement of profits; and costs and attorney's fees.

27.    In addition, because defendants' infringement of Ro & Jo's trademark was willful within the meaning of the Lanham Act, the award of actual damages and profits should be trebled pursuant to 15 U.S.C. § 1117(b).

28.    Ro & Jo is also entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a). Ro & Jo has no adequate remedy at law for defendants' wrongful conduct because, among other things, (a) Ro & Jo's trademark is unique and valuable property which have no readily determinable market value, (b) Defendants' infringement constitutes harm to Ro & Jo such that Ro & Jo could not be made whole by any monetary award, (c) if Defendants' wrongful conduct is allowed to continue, the public is likely to become further confused, mistaken, or deceived as to the source, origin or authenticity of the infringing goods and services, and (d) Defendants' wrongful conduct, and the resulting damage to Ro & Jo, is continuing.

Second Claim

**Texas Law-Tex. Bus. & Com. Code Ann. § 16.103**

29.    Ro & Jo realleges, and incorporates by this reference, each and every allegation set forth in paragraphs 1 through 21 inclusive.

30.    Defendants' wrongful conduct has injured Ro & Jo's business reputation and diluted the distinctive quality of its registered trademark. If defendants' are not enjoined from continuing to wrongfully advertise, market, and sell goods and services using the HANABI® mark, defendants are likely to continue to injure Ro & Jo's business reputation and dilute its registered trademark.

31.    Pursuant to Tex. Bus. & Com. Code Ann. § 16.103, Ro & Jo is entitled to an injunction prohibiting defendants, and each of them, from continuing to advertise, market, and sell goods or services using the HANABI® mark.

Third Claim

**Texas Common Law-Unfair Competition**

32.    Ro & Jo realleges, and incorporates by this reference, each and every allegation set forth in paragraphs 1 through 21, inclusive.

33.    Defendants' acts and conduct have damaged, and will continue to damage, Ro & Jo's goodwill and reputation and have resulted in losses to Ro & Jo and an illicit gain of profit to Defendants in an amount that is unknown at this time.

34.  Defendants' wrongful conduct constitutes unfair competition pursuant to the common law of the State of Texas. Ro & Jo is further informed, and believes, that Defendants' actions were undertaken for the willful and calculated purpose of trading upon Ro & Jo's goodwill and for the willful and calculated purpose of distributing infringing goods and

services based upon the goodwill of Ro & Jo's trademark, and business reputation, so as to mislead and deceive customers and the public. Defendants' actions are likely to cause confusion and mistake among customers and the public as to the origin or association of the infringing goods and services, all to Defendants' gain and Ro & Jo' s damage.

35.    Defendants' wrongful conduct has damaged, and will continue to damage, Ro & Jo's goodwill and reputation and has resulted in losses to Ro & Jo and an illicit gain of profit to defendants in an amount that is unknown at the present time.

<u>Fourth Claim</u>

**For Imposition Of A Constructive Trust Upon The Illegal Profits Of All Defendants**

36.    Ro & Jo realleges, and incorporates by this reference, each and every allegation set forth in paragraphs 1 through 21, inclusive.

37.    Defendants' conduct constitutes deceptive, fraudulent and wrongful conduct in the nature of passing off the infringing goods and services approved or authorized by Ro & Jo.

38.    By virtue of their wrongful conduct, Defendants have illegally received money and profits that rightfully belong to Ro & Jo.

39.    Upon information and belief, Defendants hold the illegally received money and profits in the form of bank accounts, real property, or personal property that can be located and traced.

40.    Defendants hold the money and profits they have illegally received as constructive trustees for the benefit of Ro & Jo.

Fifth Claim

**Accounting**

41.     Ro & Jo realleges, and incorporates by this reference, each and every allegation set forth in paragraphs 1 through 21, inclusive.

42.     Ro & Jo is entitled pursuant to 15 U.S.C. § 1117, 17 U.S.C. § 504 and 18 U.S.C. § 2318, et seq., to recover any and all profits of Defendants that are attributable to their acts of infringement.

43.     Ro & Jo is entitled pursuant to 15 U.S.C. § 1117, 17 U.S.C. § 504 and 18 U.S.C. § 2318, et seq., to actual damages or statutory damages sustained by virtue of Defendants' acts of infringement.

44.     The amount of money due from defendants to Ro & Jo is unknown to Ro & Jo and cannot be ascertained without a detailed accounting by defendants of the precise amount of infringing good and services sold by defendants.

**PRAYER**

WHEREFORE, Ro & Jo respectfully requests judgment against the Defendants as follows:

 (1)     That the Court enter a judgment against defendants as indicated below:

  (a) that Defendants have willfully infringed Ro & Jo's rights under 15 U.S.C. § 1114 in the federally registered Trademark No. 4,149,444 for the word mark "HANABI";

  (b) that Defendants have committed and are committing acts of false designation of origin, false or misleading description of fact, and false or misleading representation against Ro & Jo as defined in 15 U.S.C. § 1 l25(a);

(c) that Defendants have diluted the distinctive quality of the name and trademark "HANABI" as defined in 15 U.S.C. § 1125(c);

(d) that Defendants have engaged in unfair competition in violation of the common laws of the State of Texas; and

(e) that Defendants have injured Ro & Jo' s business reputation and diluted its trademark in violation of Tex. Bus. & Com. Code Ann.§ 16.103; and

(f) that Defendants have otherwise injured the business reputation and business of Ro & Jo by their acts and conduct set forth in this Complaint.

(2) That the Court issue injunctive relief against Defendants, and that Defendants, their directors, principals, officers, agents, representatives, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with Defendants, be enjoined and restrained from:

(a) imitating, copying, or making any other infringing use in connection with good and services protected by Ro & Jo's registered trademark, including, but not limited to, the Trademark Registration No. 4,149,444 ("HANABI");

(b) using any false designation of origin or false description which can or is likely to lead the trade or public or individuals erroneously to believe that any goods or services offered for sale is advertised, promoted, displayed, licensed, sponsored, approved, or authorized by or for Ro & Jo, when such is not true in fact;

(c) engaging in any other activity constituting an infringement of Ro & Jo's trademark, or of Ro & Jo's rights in, or right to use or to exploit its trademark; and

10

(d) assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (c) above.

(3) That the Court enter an interlocutory injunction enjoining Defendants during the pendency of this litigation as set forth in Section (2) above.

(4) That the Court enter an order declaring that Defendants hold in trust, as constructive trustees for the benefit of Ro & Jo, their illegal profits obtained from their sale of goods and services  while using Ro & Jo's trademark.

(5) That the Court order Defendants to pay Ro & Jo's general, special, actual, and statutory damages as follows:

(a) Ro & Jo's damages and Defendants' profits pursuant to 15 U.S.C. § 1117(a), trebled pursuant to 15 U.S.C. § 1117(b) for Defendants' willful violation of Ro & Jo's registered trademark; and

(b) Ro & Jo's damages and Defendants' profits pursuant to Texas law.

(6) That the Court order Defendants to pay to Ro & Jo both the costs of this action and the reasonable attorneys' fees incurred by it in prosecuting this action.

(7) That the Court grant to Ro & Jo such other and additional relief as is just and proper; and

(8) That Ro & Jo have a trial by jury on all issues triable by jury.

Dated: November 18, 2016

Respectfully submitted,

/s/ JT Morris_____

David Park
Texas State Bar No. 24025582
Park & Jun, PLLC
2000 Royal Ln, Ste 204
Dallas, TX 75229
Telephone: (972) 241-6900
Fax: (214) 257-8633
E-mail: dpark@parkjunlaw.com

JT Morris
Texas State Bar No. 24094444
JT Morris Law, PLLC
327 Congress Avenue, Suite 200
Austin, Texas 78701
Telephone: (512) 717-5275
Fax: (512) 582-2948
E-mail: jt@jtmorrislaw.com

**ATTORNEYS FOR PLAINTIFF**

VERIFICATION OF _Yang Soo Ro_

STATE OF TEXAS        §

COUNTY OF DALLAS      §

I, _Yang Soo Ro_, having first been duly sworn according to law, state as _Director_ (title) of Ro & Jo, Inc. that the facts alleged in Plaintiff's Complaint in the above styled civil action are true and correct to the best of my personal knowledge, information, and belief.

_____

SWORN AND SUBSCRIBED BEFORE ME, on this the _10_ day of November 2016, the undersigned authority, on this day personally appeared _YANG SOO RO_ to certify which witness my hand and seal.

Given under my hand and seal of office on _NOVEMBER 10, 2016_.

[Seal]

_____
Notary Public, State of _TEXAS_

JULLY KIM
ID #130794522
My Commission Expires
August 25, 2020